JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-03578-RGK-AGR | Date | July 21, 2020 |
|---|---|---|---|
| Title | *Jean Esquibel v. Costco Wholesale Corp., et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion for Leave to File First Amended Complaint and to Remand Action to State Court [DE 13]**

### I.   INTRODUCTION

On September 13, 2019, Jean Esquibel ("Plaintiff") filed a complaint against Costco Wholesale Corporation, Inc. ("Costco") and 50 Doe Defendants alleging common law claims for premises liability and negligence in Los Angeles Superior Court. These claims arise from injuries sustained in an accident at a Costco store. On January 10, 2020, Costco removed the action to this Court alleging jurisdiction based on diversity citizenship. On January 17, 2020, the Court remanded the action to state court for lack of subject matter jurisdiction because Defendant had failed to show that the amount in controversy exceeded $75,000. On April 17, 2020, Costco removed this case for the second time, again on the basis of diversity, with both parties now agreeing the amount in controversy exceeds $75,000.

Presently before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint and to Remand the action to state court. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

### II.   FACTUAL BACKGROUND

Plaintiff alleges the following facts:

On September 29, 2017, Plaintiff visited a Costco location at 2640 Lomita Blvd., Torrance, California 90505. While Plaintiff was walking near the beverage section, she slipped and fell on a substance that she believes was melted ice.

In her Complaint, Plaintiff included 50 "Doe" Defendants, who she believed were in some way responsible for her injuries, and stated that she would subsequently request leave of the Court to amend when she ascertained their true identities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03578-RGK-AGR | Date | July 21, 2020 |
|---|---|---|---|
| Title | *Jean Esquibel v. Costco Wholesale Corp., et al.* | | |

### III.   JUDICIAL STANDARD

Generally, leave to amend is governed by Fed. R. Civ. P. 15, which prescribes that the Court must "freely give leave to amend absent any apparent or declared reason—such as undue delay bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment or other showings." *Murphy v. American General Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015) (internal quotation marks omitted) (internal citation omitted). "However, where a proposed amendment would add a non-diverse party after removal—thereby precluding existing, diversity jurisdiction—there is a greater discretion in determining whether to allow the amendment." *Id.* (citing 28 U.S.C. § 1447(e)); *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087–1088 (C.D. Cal. 1999) (noting that once a case has been removed to federal court Rule 15(a)'s presumption of validity cannot apply, and instead courts must scrutinize under 28 U.S.C. § 1447(e)). Under 28 U.S.C. § 1447(e), where a plaintiff seeks to join an additional defendant after removal, it is within the court's discretion whether to permit joinder of a party that will destroy diversity jurisdiction. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The court may "deny joinder[ ] or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

### IV.   DISCUSSION

#### A.   Request for Judicial Notice

The Court first addresses both Plaintiff's and Costco's Requests for Judicial Notice. (Plaintiff's Request for Judicial Notice, ECF No. 13-3; Costco's Request for Judicial Notice; ECF No. 19.) Plaintiff requests that the Court take judicial notice of the Plaintiff's Complaint filed in Los Angeles County Superior Court, Costco's Answer to Plaintiff's Complaint filed in Los Angeles Superior Court, and this Court's May 27, 2020 Order of Remand in *Janice Wright v. Costco Wholesale Corp.*, No. 2:20-CV-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03578-RGK-AGR | Date | July 21, 2020 |
|---|---|---|---|
| Title | *Jean Esquibel v. Costco Wholesale Corp., et al.* | | |

02653-RGK-PJW. Costco requests the Court take judicial notice of Plaintiff's state court amendment adding Doughty as a Defendant.

Courts may take judicial notice of matters of public record. *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012); Fed. R. Evid. 201. Accordingly, the Court grants both Requests for Judicial Notice for all documents with the exception of the Order of Remand in *Janice Wright*, for which judicial notice is not required and which the Court treats as a citation to the relevant case.

### B.   **Joinder and Remand**

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Courts consider six factors when addressing joinder under § 1447(e): (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a), (2) whether the statute of limitations would preclude an original action against the new defendants in state court, (3) whether there has been unexplained delay in requesting joinder, (4) whether joinder is intended solely to defeat federal jurisdiction, (5) whether the claims against the new defendant appear valid, and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs. v. Compania Mexicana De Aviacion*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal 2000) ("*IBC*"); *see, e.g., Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1020 (C.D. Cal. 2002).

#### 1.   *Just Adjudication*

"A necessary party is one having an interest in the controversy, or whose absence would impede their ability to protect their interest or would subject any of the parties to the danger of inconsistent obligations." *IBC*, 125 F. Supp. 2d at 1011. The manager of the store where the accident occurred has interest in the controversy. Costco argues that Doughty is not a necessary party, because Costco will be vicariously liable for any of Doughty's negligent acts. (Costco's Opp. to Pl's Mot. ("Opp.") at 15–16, ECF No. 17). However as the district court explained in *Franco v. Costco Wholesale Corp.*, "[t]he fact that Costco may be both directly liable for its negligence and vicariously liable for the negligence of [the manager of the Costco location] supports Plaintiff's argument that [the manager] is a necessary party to this action, and not merely tangentially related." No. CV 18-7586-MWF (AFMx), 2018 WL 6333674, at *2 (C.D. Cal. Oct. 30, 2018). Since Doughty has an interest in the controversy, this factor weighs in favor of granting the Motion for Leave to Amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03578-RGK-AGR | Date | July 21, 2020 |
|---|---|---|---|
| Title | *Jean Esquibel v. Costco Wholesale Corp., et al.* | | |

2. *Statute of Limitations*

"[A] remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351–52 (1988). In California, there is a two-year statute of limitations for personal injury. Cal. Civ. Pro. Code § 335.1. Plaintiff was injured on September 29, 2017, and would therefore be unable to initiate a claim against Doughty in state court. Accordingly, this factor weighs in favor of granting the Motion for Leave to Amend.

3. *Unexplained Delay*

On September 13, 2019, Plaintiff filed her initial Complaint in the Superior Court. Costco removed this action to federal court for the second time on April 17, 2020. On June 18, 2020, roughly two months later, Plaintiff filed the instant motion to add Doughty as a Defendant. Plaintiff argues that a delay of two months between removal and a motion for joinder that would result in remand is not unreasonable given (1) the logistical impediments of the current pandemic and (2) because this motion was filed within two weeks of Costco's rejection of Plaintiff's meet and confer requests, as well as more than two months in advance of the scheduling conference. (Mot. to Amend and Remand ("Mot.") at 9–10, ECF No. 13.)

Costco does not contest Plaintiff's arguments above. Rather, Costco argues that the Court should focus instead on the overall delay in obtaining Doughty's identity since the accident took place in 2017, not simply the delay in seeking to join him following removal. (Opp. at 18.)

The Court acknowledges there is a likelihood that Plaintiff could have identified Doughty sooner through a more active pursuit of his identity. However, the timeline of his identification is not significantly out of character with the ordinary progress of discovery. Further, the plain language of *IBC* asks "whether there has been unexplained delay *in requesting joinder.*" *IBC*, 125 F. Supp. 2d at 1011 (emphasis added). The Court is not aware of the actual date on which Doughty was identified, and therefore is not well-equipped to evaluate the precise length of that delay. However, Costco has not contested Plaintiff's above assertions regarding the influence of the present pandemic and the meet and confer process on the timing of her request following its most recent removal. The Court therefore finds that this factor weighs little in either direction.

4. *Intention of Joinder*

Costco argues that Plaintiff's motive for joining Doughty is destroying diversity jurisdiction. (Opp. at 18.) Plaintiff, in turn, argues that she always intended to name the store manager. (Mot. at 10–

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03578-RGK-AGR | | Date | July 21, 2020 |
|---|---|---|---|---|
| Title | *Jean Esquibel v. Costco Wholesale Corp., et al.* | | | |

11.) "The Court declines to impute an improper motive to Plaintiff simply because Plaintiff seeks to add a non-diverse defendant post-removal. Suspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F. Supp. 2d at 1012. Because of Doughty's alleged responsibility as manager to ensure that Costco was free of hazardous conditions, the Court finds that Plaintiff's desire to add Doughty as an individual defendant is reasonable. *See id.* Therefore, this factor weighs in favor of granting the Motion for Leave to Amend.

### 5. *Validity of Claims*

Costco argues that the proposed First Amended Complaint does not allege any facts against Doughty outside of those covered under respondeat superior. However, Costco has not demonstrated to the Court why Plaintiff's claims are invalid, or that Doughty would otherwise be a sham defendant. *See Wright v. Costco Wholesale Corp.*, No. 2:20-cv-02653-RGK-PJW, 2020 WL 2747234, at *2 (C.D. Cal. May 27, 2020). Thus, Plaintiff has sufficiently alleged a valid claim against Doughty.

### 6. *Prejudice to Plaintiff*

Plaintiff argues that denial will prejudice her, because Plaintiff will be forced to abandon her claims against Doughty in state court. Costco mainly argues that granting the motion would prejudice Doughty and Costco. Costco's argument seems misplaced. The factor specifies that the question is "whether denial of joinder will prejudice *the plaintiff*." *IBC*, 125 F. Supp. 2d at 1011 (emphasis added). Moreover, Costco has been on notice that joinder was likely, as Plaintiff included the Doe Defendants in her original complaint and explained that she intended to substitute individual defendants when she learned their identities. The Court agrees with Plaintiff's argument that denial will prejudice her since she would have to forego her claim in state court against Doughty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-03578-RGK-AGR | Date | July 21, 2020 |
|---|---|---|---|
| Title | *Jean Esquibel v. Costco Wholesale Corp., et al.* | | |

## V.  CONCLUSION

For the foregoing reasons, the Court finds that the balance of relevant factors supports the Plaintiff's argument and **GRANTS** Plaintiff's Motion for Leave to File the First Amended Complaint. Since both parties agree that Doughty is a citizen of California, there is no longer complete diversity. (*See* Mot. at 1, Opp. at 5.) Therefore, the Court also **REMANDS** this action to state court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer        _____